DAY PITNEY LLP
Theresa A. Kelly, Esq., Attorney ID No. : 133981998
One Jefferson Road
Parsippany, NJ 07054-2891
(973) 966-6300
tkelly@daypitney.com

Attorneys For Defendant
United Parcel Service, Inc.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| YAHYA MOSSALAMY, | Civil Action No: |
| Plaintiff, | |
| V. | **NOTICE OF REMOVAL** |
| UNITED PARCEL SERVICE | (Document Filed Electronically) |
| Defendant | |

Defendant United Parcel Service, Inc. ("UPS") hereby files the within Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and states in support of the Notice of Removal that:

1. On January 5, 2018, plaintiff Yahya Mossalamy commenced this action in the Superior Court of New Jersey, Law Division, Hudson County, by filing a complaint entitled *Yahya Mossalamy v. United Parcel Service*, Docket Number HUD-L-0051-18 (the "Complaint"). In the Complaint, plaintiff alleges that while he was working at United Parcel Service ("UPS"), he was discriminated against on the basis of his religion, in violation of the New Jersey Law Against

99162844.1

Discrimination.  (Complaint, ¶ 21).  A true and correct copy of the Summons, Complaint, and Affidavit of Service is attached hereto as Exhibit A.

2.     Plaintiff attempted to serve the Summons and Complaint on defendant UPS by dropping it off at a UPS Facility in Secaucus, New Jersey.  This is the first pleading setting forth the claims for relief upon which this action was based.  On January 22, 2018, plaintiff filed an Affidavit of Service regarding his attempted service of the Summons and Complaint.  See Exhibit A.

3.     This Notice of Removal is timely under 28 U.S.C. § 1446 (b), since it is being filed within thirty days of attempted service of the Complaint, even though UPS has not yet been properly served.

4.     This Notice of Removal is also timely under 28 U.S.C. § 1446(c)(1), it being filed within one year of the commencement of this action.

5.     UPS has not yet filed an answer or other responsive pleading in the Superior Court of New Jersey.

6.     The Summons, Complaint and Affidavit of Service represents all of the process, pleadings, or orders related to this matter, and that UPS is aware of, given that UPS has not yet been properly served.  No other hearings or other proceedings have taken place in this action to UPS' knowledge.

7.     This action is being removed to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 as it involves a controversy between citizens of different states.

8.     Upon information and belief, plaintiff is and has been since the filing of the Complaint and of the Notice of Removal, a citizen of the State of New Jersey.

9.     UPS is and has been, both upon the filing of the Complaint and the Notice of Removal, an Ohio corporation with its principal place of business located at 55 Glenlake Parkway, Atlanta, Georgia.  For purposes of this removal action, UPS is a citizen of the States of Ohio and Georgia.  See 28 U.S.C. § 1332(c)(1).

10.     While plaintiff does not ask for any specific damages amount, he claims in his complaint damages for, *inter alia*: "compensatory damages, including but not limited to, back pay and benefits, front pay and benefits, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney fees, cost of suit, and expenses with an appropriate enhancement." Upon information and belief, the damages claimed, if proven, would exceed the statutory threshold. Therefore, plaintiff's claims are such that the District Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a), and which are removable to the District Court under 28 U.S.C. §1441(a).

11.     Because there is complete diversity between the parties and the amount in controversy is in excess of $75,000, this Court has original jurisdiction over plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332. This action is removable to federal court pursuant to 28 U.S.C. 1332(a) and 1441(b).

12.     The alleged events and omissions giving rise to plaintiff's claims occurred in New Jersey, such that venue is proper in the District of New Jersey.

13.     UPS will give written notice of the filing of this Notice of Removal to all adverse parties, as required by 28 U.S.C. § 1446(d).

14.     UPS will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Hudson County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, UPS requests that the foregoing action be removed from the Superior Court of New Jersey, Law Division, Hudson County, to the United States District Court for

the District of New Jersey.

>DAY PITNEY LLP
>Attorneys for Defendant
>United Parcel Service, Inc.
>
>By:   *s/ Theresa A. Kelly*
>           THERESA A. KELLY
>           A Member of the Firm
>           One Jefferson Road
>           Parsippany, NJ  07054-2891
>           T: (973) 966 6300
>           tkelly@daypitney.com

DATED: February 6, 2018