# EXHIBIT A

ALAN L. KRUMHOLZ, ESQ.,174321956
**KRUMHOLZ DILLON, PA**
Attorneys at Law
574 Summit Avenue, Suite 402
Jersey City, NJ  07306
(201) 656-5232
(201) 656-7270 (Fax)

| | |
|---|---|
| YAHYA MOSSALAMY,<br><br>Plaintiff<br><br>vs.<br><br>UNITED PARCEL SERVICE,<br><br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>COUNTY OF HUDSON<br>LAW DIVISION<br><br>DOCKET NO.: HUD-L-51-18<br><br>CIVIL ACTION |

## AFFIDAVIT OF SERVICE

ALAN L. KRUMHOLZ, of full age, being duly sworn according to law, upon his oath, deposes and says:

1. I am a partner in the firm of Krumholz Dillon, P.A., attorney for plaintiff and am familiar with the facts of the foregoing action.

2. On or about January 10, 2018, the defendant, United Parcel Service, was served by Esquire Process Servicing with a copy of the Summons and Complaint in connection with the foregoing matter. Attached hereto is a copy of the Summons and the Affidavit of Service.

_____
ALAN L. KRUMHOLZ

SWORN AND SUBSCRIBED TO THIS
22nd DAY OF JANUARY, 2018

_____
JEAN MARIE HALEY
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES OCTOBER 20, 2018

Alan L. Krumholz, Esq., #174321956
**KRUMHOLZ DILLON, PA**
Attorneys at Law
574 Summit Avenue, Suite 402
Jersey City, NJ 07306
(201) 656-5232
(201) 656-7270 (Fax)

---

| | |
|---|---|
| YAHYA MOSSALAMY, | SUPERIOR COURT OF NEW JERSEY<br>COUNTY OF<br>LAW DIVISION |
| Plaintiff | |
| vs. | DOCKET NO.: HUD-L-51-18 |
| UNITED PARCEL SERVICE | CIVIL ACTION |
| Defendant | |

---

## SUMMONS

From the State of New Jersey
To the Defendants named above: United Parcel Service

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these office is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: January ___, 2018.

MICHELLE M. SMITH, ESQ.
SUPERIOR COURT CLERK

NAME OF DEFENDANT TO BE SERVED:
UNITED PARCEL SERVICE
Address of the Defendant to be served:
493 County Road
Secaucus, NJ 07094

* $105.00 For Chancery Division Cases or
  $110.00 For Law Division Cases

| | | |
|---|---|---|
| YAHYA MOSSALAMY | Plaintiff | Superior Court of New Jersey |
| vs. | | Venue: Hudson County |
| UNITED PARCEL SERVICE | Defendant | Docket Number: HUD-L-51-18 |

**Person to be Served** (Name & Address):
UNITED PARCEL SERVICE,
493 COUNTY ROAD
Secaucus, NJ 07094

**Attorney:**
Krumholz Dillon, PA

574 Summit Ave
Jersey City, NJ 07306

**Papers Served:**
Complaint, Summons

**AFFIDAVIT OF SERVICE**
(For use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

**Service Data:**
Served Successfully [X]   Not Served [ ]
Date: Wed, Jan 10 2018   Time: 10:08 AM   Attempts: 1

[ ] Delivered a copy to him / her personally
[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)
[X] Left a copy with a person authorized to accept service, e.g., management agent, registered agent, etc. (indicate name & official title at right)

Name of Person Served and relationship or title:
Traci Jones
Managing Agent

**Description of Person Accepting Service:**
Sex: Female   Age: 45   Height: 5'6"   Weight: 160   Skin Color: African American   Hair Color: Black

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] No response on: Date: _____ Time: _____  Date: _____ Time: _____
[ ] Other: _____   Comments or Remarks: _____

**Server Data:**

Subscribed and Sworn to me this 11 day of January 2018

Notary Signature: LAUREN IAVARONE
Name of Notary, commission expiration: 11/20/20

[Notary Seal: LAUREN IAVARONE, COMMISSION EXPIRES, NOTARY PUBLIC, 11-20-2020, STATE OF NEW JERSEY]

Revised 9/30/2002, CN 10516-English

I, Anthony Iavarone, was at the time of service a competent adult and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

[Signature]   1/11/18

Anthony Iavarone, PO Box 131, Lakewood, NJ 08701, 8774553093

Affidavit of Service (9/30/2002)

page 1 of 1

Alan L. Krumholz, Esq. #174321956
**KRUMHOLZ DILLON, PA**
**574 Summit Avenue, Suite 402**
**Jersey City, NJ 07306**
**(201) 656-5232**
**Attorneys for Plaintiff**

| | |
|---|---|
| YAHYA MOSSALAMY, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION |
| Plaintiff | COUNTY OF HUDSON |
| vs. | DOCKET NO.: |
| UNITED PARCEL SERVICE | CIVIL ACTION |
| Defendant(s) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Yahya Mossalamy, residing at 280 Neptune Avenue Apt 2R, Jersey City, NJ 07305, complaining of the Defendant, says:

### FIRST COUNT
### NEW JERSEY LAW AGAINST DISCRIMINATION
### RELIGIOUS DISCRIMINATION

1. That the Plaintiff Yahya Mossalamy, has been employed by the defendant, United Parcel Service, since on or about June 1, 2016, as a full-time Package Driver and has performed services in accordance with the expectations of his employer and was paid wages in accordance therewith.

2. That the Plaintiff had been a member of Teamsters Local No. 177 since August 2016.

3. That the Plaintiff is a Muslim man of Egyptian origin who practices the religion of Islam and observes the holiday of Ramadan.

4. That in May 2017, the plaintiff did make a verbal request to his supervisor, and then filled out a form online to request an accommodation of a leave from work for reasons of his religious requirement of fasting for the holiday of Ramadan.

5. That the fasting was a month long, from May 29 through June 29 2017 during which time Plaintiff could not eat or drink from 5:00 a.m. until 8:30 at night each day which would have made working during that time very difficult.

6. That the Plaintiff was then advised that the request for an accommodation was a two week process.

7. That the Plaintiff was finally informed by Human Resources that the defendant could not accommodate him and that he was to report to work the next day.

8. That on or about May 30, 2017, the Plaintiff received a medical note which placed him out of work for two weeks.

9. That the Plaintiff was advised that given the length of time he was to be out of work, he would be required to fill out disability forms.

10. That plaintiff's request was approved on or about June 6, 2017, and Plaintiff did remain absent from his employment from approximately one month, from June 1, 2017 through July 1, 2017.

11. That upon the Plaintiff's return from his observance of Ramadan, the Plaintiff was issued a disciplinary notice on or about July 5, 2017.

12. That the following day, July 6, 2017, the Plaintiff was given an entirely new route with 200 stops, unlike the other drivers.

13. That approximately two days after Plaintiff's return from his observance of Ramadan, the Plaintiff was fired from his job on July 7, 2017, which the plaintiff attributes to religious discrimination against the Plaintiff.

14. That, although the termination was converted to a 35 day suspension on July 25, 2017 which was to be served from July 7, 2017 through August 24, 2017, the plaintiff was suspended without pay for a period of time and has suffered a hostile environment which is severe and pervasive.

15. That the plaintiff returned to work on August 25, 2017 at which time he was asked to sign a document, but he was not permitted to read the document.

16. That the plaintiff sought and was granted religious accommodations for a holiday on

August 31, 2017 and September 1, 2017.

17. That a hearing was scheduled for September 6, 2017 based on grievance(s) filed by the Plaintiff, but the hearing was cancelled by defendant UPS.

18. That the Plaintiff was terminated on September 7, 2017, for alleged dishonesty, which plaintiff categorically denies.

19. That the Plaintiff did file a grievance regarding his termination on September 7, 2017 as a discriminatory action based on his religion of Islam.

20. That a hearing was held on September 11, 2017 which upheld Plaintiff's termination.

21. Plaintiff contends that the termination which was converted to a suspension was an adverse action and a clear act of Religious Discrimination in violation of the Plaintiff's rights under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

22. That as a result of the actions of the defendant(s) as aforesaid, plaintiff was caused to work under the circumstances of a hostile employment and loss of income and was caused to sustain emotional and psychological distress and harm, embarrassment and a continuous and permanent interference with the prospect of future economic advantage and with the ability to obtain future employment.

**WHEREFORE**, plaintiff demands judgment against any and all of said defendants, jointly and individually, for harm suffered as a result of defendant's Religious Discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1,*et. seq.* as follows: an award of compensatory damages, including but not limited to, back pay and benefits, front pay and benefits, consequential damages, punitive damages, emotional distress damages, equitable relief, prejudgment interest, attorney fees, cost of suit, and expenses with an appropriate enhancement under *Rendine v. Pantzer*, 141 N.J. 292 (1995), on this Count of the Complaint.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues herein pursuant to R.1:8-2(b) and R.4:35-1(a).

### DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

PURSUANT to R.4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the Judgment. If so, please attach a copy of each, or in the alternative state, under oath and certification: (a) policy number; (b) name and address of insurer; © inception and expiration date; (d) names and addresses of all person insured thereunder; (e) personal injury limits; (f) property damage limits; and (g) medical payment limits.

### DEMAND FOR DOCUMENTS TO WHICH ANSWER REFERS

Pursuant to Rule 4:18-2, Plaintiff hereby demands that Defendant produce copies of each and every document or paper to which the Answer refers within five days after service of the Answer.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Alan L. Krumholz is hereby designated as trial counsel for Plaintiff in the within matter.

### CERTIFICATION OF NO OTHER ACTIONS

Pursuant to R.4:5-1, it is hereby certified that, to the best of our knowledge and belief, the matter in controversy is not the subject of any other action pending in any other Court or of a pending Arbitration proceeding. Also, to the best of our knowledge and belief, no other action or Arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, at the present time we know of no other parties that should be joined in this action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original certification.

## CERTIFICATION REGARDING PERSONAL IDENTIFIERS

Pursuant to Rule 1:38-7©, I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7©.

## NOTICE REGARDING NON-DESTRUCTION OF EVIDENCE

Please be advised and noticed that the Defendants should refrain from destroying, disposing or altering any potential evidence in its possession which would relate in any way to this mater.

Please also be advised and noticed that this includes any and all electronic records, including but not limited to the hard drives on any and all computers and/or servers. To that end:

A.  The Defendant(s) should not initiate any procedures which would alter any active, deleted, or fragmented files. Such procedures may include, but are not limited to: storing (saving) newly created files to existing drives and diskettes; loading new software, such as application programs; running data compression and disk defragmentation (optimization) routines; or the use of utility programs to permanently wipe files, disks or drives.

B.  The Defendant(s) should stop any rotation, alteration, and/or destruction of electronic media that may result in the alteration or loss of any electronic data. Backup tapes and disks should be pulled from their rotation queues and be replaced with new tapes.

C   The Defendant(s) should not alter and/or erase active files, deleted files, or file fragments, on any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

D.  The Defendant(s) should not dispose of any electronic media storage devices replaced due to failure, upgrade, and/or lease expiration that may contain electronic data having any relation to this matter.

KRUMHOLZ DILLON, P.A.
**Attorneys for Plaintiff**

_____
ALAN L. KRUMHOLZ